Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Katherine A. Tuohy (SBN 353967)
Katherine@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
Harrison J. Lynch (SBN 355139)
Harrison@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAKE J. PHILLIPS, an individual,<br><br>Plaintiff,<br>vs.<br><br>eMORTGAGE FUNDING LLC,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227) AND THE CALIFORNIA INVASION OF PRIVACY ACT (CAL. PENAL CODE §§ 632, 632.7)<br><br>JURY DEMAND |

## COMPLAINT

1. Plaintiff Jake J. Phillips ("Plaintiff") brings this action against Defendant eMortgage Funding LLC ("Defendant" or "E-Mortgage") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

2. The Supreme Court may have said it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).
3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 *et seq* ("TCPA").
4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Chapter 87A § 6101 to allow people to register their phone numbers with the Federal Trade Commission.
5. The TCPA and its implementing regulations also protect consumers who tell a business to stop contacting them: once a consumer revokes consent or requests that the sender stop, the sender must honor that request within a reasonable time and may not continue sending telemarketing calls or text messages.
6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has

identified.'" *Van Patten v. Vertical Fitness Grp.,* 847 F.3d 1037, 1043 (9th Cir. 2017) (citations omitted) (emphasis in the original).

7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," just over 4.1 billion robocalls & texts were placed in May 2026 alone, at a rate of about 132.8 million per day.[1]

8. California law provides parallel protection for the privacy of telephone communications. The California Invasion of Privacy Act, California Penal Code § 630 et seq. ("CIPA"), prohibits the intentional recording of telephone communications—including communications involving cellular telephones—without the consent of all parties. As alleged below, Defendant not only placed unlawful telemarketing calls to Plaintiff, but also recorded those calls without disclosing the recording at the outset or obtaining Plaintiff's consent.

## NATURE OF THE ACTION

9. This is an individual action brought pursuant to the TCPA and CIPA. Plaintiff alleges that Defendant placed unlawful telemarketing calls to Plaintiff's cellular telephone number, which is registered on the National Do-Not-Call Registry, and that Defendant unlawfully recorded its telephone calls with Plaintiff without disclosure or consent.

10. To promote its goods and services, Defendant places telemarketing telephone calls to consumers whose telephone numbers are on the National Do-Not-Call Registry, and continues to call consumers who have demanded that the calls stop.

11. Upon information and belief Defendant also records the calls that it has with consumers without consent, and does not give any warning the calls are recorded.

12. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful

///

[1] Robocall Complaint Statistics, ROBOCALL INDEX, www.robocallindex.com (last accessed June 18, 2026).

conduct toward Plaintiff. Plaintiff also seeks statutory damages on his own behalf, and any other available legal or equitable remedies.

## PARTIES

13. Plaintiff is a natural person entitled to bring this action under the TCPA and CIPA, as he is a citizen and resident of Fresno, California.

14. Defendant eMortgage Funding LLC is a limited liability company organized under the laws of the State of Michigan. Defendant is a licensed mortgage broker with its principal place of business at 888 W. Big Beaver Road, Suite 1290, Troy, Michigan 48084.

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

16. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

17. This Court has supplemental jurisdiction over Plaintiff's claim under the California Invasion of Privacy Act, California Penal Code § 630 et seq., pursuant to 28 U.S.C. § 1367(a), because that claim is so related to Plaintiff's federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

18. This Court has personal jurisdiction over Defendant, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in this District, Plaintiff received Defendant's unlawful telephone calls while in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Defendant directs, markets, and provides its business activities to consumers in this District, and Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

///

## FACTS

19. On or around July 17, 2024, Plaintiff registered his cellular telephone number ending in 0056 (the “0056 Number”) on the National Do-Not-Call Registry. The Do-Not-Call Registry forbids telemarketing calls and text messages to individuals on the list without prior express written consent or an established business relationship.

20. Plaintiff uses his cell phone as his residential telephone.

21. Plaintiff is, and at all relevant times has been, the sole subscriber, owner, and customary user of the 0056 Number, which he has used as his personal telephone number for many years; the number was not reassigned to him from any other subscriber during the period of Defendant’s calls.

22. When a consumer applies for or inquires about a residential mortgage or home loan, the prospective lender requests the consumer’s credit report from one or more consumer reporting agencies. That credit inquiry is a signal that the consumer is actively seeking mortgage credit.

23. Consumer reporting agencies operate a practice known as “trigger leads” — the real-time sale of a consumer’s contact information to competing mortgage lenders and brokers the moment such a credit inquiry is made. The consumer has no knowledge that his information is being sold and gives no consent to the competing lender or broker that purchases the lead.

24. On information and belief, Defendant obtained Plaintiff’s 0056 Number and personal contact information through one or more trigger-lead services, which sold Plaintiff’s information to Defendant without Plaintiff’s knowledge or consent shortly after Plaintiff’s credit was pulled in connection with a residential mortgage or home-loan inquiry.

25. Plaintiff never provided his telephone number to Defendant, never visited Defendant’s website, never submitted any inquiry or application to Defendant, and never had any prior relationship of any kind with Defendant. Consistent with a

purchased trigger lead, Defendant's representative could not identify any form or inquiry Plaintiff had submitted to Defendant and stated that Defendant had obtained Plaintiff's information as a lead from another source.

26. Defendant has placed telemarketing telephone calls to Plaintiff's 0056 Number soliciting mortgage-refinancing and home-equity loan products since at least on or around April 28, 2025. Between January 9, 2026 and July 13, 2026, Plaintiff documented at least fifty-five (55) such calls, and Plaintiff believes the true number of calls exceeds one hundred (100).

27. Defendant placed these calls from at least fifty-four (54) different telephone numbers. Every originating number that Plaintiff was able to trace resolves to a single underlying carrier, Onvoy, LLC, reflecting a coordinated number-rotation and caller-identification practice rather than fifty-four unrelated callers. Although the numbers displayed California area codes, Defendant operates out of Troy, Michigan.

28. The purpose of each call was to advertise, promote, or market Defendant's mortgage products and services; each call was a telephone solicitation within the meaning of the TCPA.

29. Defendant identified itself as "E-Mortgage" or "eMortgage Funding" on the calls. Defendant's representative confirmed that Defendant does not use a third-party service for its outbound calls, confirming that the calls were Defendant's own and were not placed by an independent lead vendor on Defendant's behalf.

30. Because Defendant acquired Plaintiff's number as a purchased trigger lead rather than from Plaintiff, Plaintiff never provided prior express consent—much less prior express written consent—to receive telemarketing calls from Defendant, and Plaintiff has no established business relationship with Defendant within the meaning of 47 C.F.R. § 64.1200(f)(5). A trigger lead reflects only the consumer's earlier inquiry with a different lender and creates no transaction, inquiry, or relationship between the consumer and the lead purchaser.

31. From the first call, and repeatedly thereafter, Plaintiff told Defendant that he was on the National Do-Not-Call Registry, that he was not interested, and demanded that Defendant stop calling him and place him on Defendant's internal do-not-call list.

32. On or around June 17, 2026, a representative of Defendant acknowledged that Plaintiff was on the National Do-Not-Call Registry and stated that Defendant would remove him. Notwithstanding that acknowledgment, Defendant's calls continued.

33. On earlier occasions, a manager of Defendant likewise promised to place Plaintiff on Defendant's do-not-call list and to stop the calls. The calls nevertheless continued, from numerous different telephone numbers.

34. A representative log of the documented telemarketing calls Defendant placed to Plaintiff's 0056 Number, each traced originating number resolving to a single underlying carrier (Onvoy, LLC), is set forth in the table below and is attached to and incorporated in this Complaint as **Exhibit A**:

| No. | Date | Time | Originating Number |
|---|---|---|---|
| 1 | Jan. 9, 2026 | 11:26 AM | 209-316-3439 |
| 2 | Feb. 12, 2026 | 1:29 PM | 424-221-8739 |
| 3 | Feb. 16, 2026 | 2:51 PM | 760-227-8369 |
| 4 | Feb. 17, 2026 | 11:16 AM | 323-375-7916 |
| 5 | Feb. 17, 2026 | 2:02 PM | 559-234-6074 |
| 6 | Feb. 20, 2026 | 11:43 AM | 760-227-8369 |
| 7 | Mar. 17, 2026 | 3:25 PM | 626-240-5640 |
| 8 | Mar. 20, 2026 | 11:39 AM | 510-201-8628 |
| 9 | Apr. 14, 2026 | 11:41 AM | 840-201-5146 |
| 10 | Apr. 14, 2026 | 1:13 PM | 707-225-8354 |
| 11 | Apr. 15, 2026 | 11:15 AM | 209-315-2458 |
| 12 | Apr. 15, 2026 | 3:19 PM | 714-452-6058 |
| 13 | Apr. 17, 2026 | 11:22 AM | 279-226-8454 |
| 14 | Apr. 20, 2026 | 11:21 AM | 559-234-6668 |
| 15 | Apr. 21, 2026 | 1:39 PM | 707-225-8429 |
| 16 | Apr. 22, 2026 | 2:08 PM | 909-245-2669 |
| 17 | Apr. 23, 2026 | 3:01 PM | 760-254-8344 |
| 18 | Apr. 29, 2026 | 11:13 AM | 310-731-3732 |
| 19 | Apr. 29, 2026 | 12:21 PM | 661-215-9880 |
| 20 | Apr. 29, 2026 | 1:15 PM | 626-240-5622 |
| 21 | Apr. 30, 2026 | 12:32 PM | 818-630-3708 |
| 22 | Apr. 30, 2026 | 2:53 PM | 951-400-0358 |
| 23 | May 1, 2026 | 11:05 AM | 310-731-3819 |

| No. | Date | Time | Originating Number |
|---|---|---|---|
| 24 | May 1, 2026 | 11:21 AM | 949-775-6874 |
| 25 | May 1, 2026 | 3:57 PM | 661-215-2130 |
| 26 | May 4, 2026 | 1:43 PM | 840-212-5237 |
| 27 | May 7, 2026 | 11:14 AM | 657-577-8438 |
| 28 | May 27, 2026 | 11:08 AM | 760-254-0580 |
| 29 | Jun. 15, 2026 | 12:19 PM | 530-240-2903 |
| 30 | Jun. 15, 2026 | 1:35 PM | 408-698-9348 |
| 31 | Jun. 15, 2026 | 3:47 PM | 213-557-5792 |
| 32 | Jun. 17, 2026 | 12:15 PM | 626-275-9288 |
| 33 | Jun. 17, 2026 | 1:07 PM | 909-818-8206 |
| 34 | Jun. 17, 2026 | 2:05 PM | 909-280-7809 |
| 35 | Jun. 18, 2026 | 11:12 AM | 530-388-5969 |
| 36 | Jun. 18, 2026 | 11:18 AM | 714-831-5068 |
| 37 | Jun. 18, 2026 | 2:10 PM | 310-731-3805 |
| 38 | Jun. 18, 2026 | 2:47 PM | 669-281-3512 |
| 39 | Jun. 19, 2026 | 11:23 AM | 925-231-6673 |
| 40 | Jun. 19, 2026 | 2:15 PM | 562-262-3669 |
| 41 | Jun. 22, 2026 | 11:31 AM | 818-396-1501 |
| 42 | Jun. 22, 2026 | 12:33 PM | 559-235-1762 |
| 43 | Jun. 23, 2026 | 2:01 PM | 310-731-3736 |
| 44 | Jun. 23, 2026 | 4:19 PM | 619-353-9844 |
| 45 | Jun. 24, 2026 | 11:23 AM | 626-822-3757 |
| 46 | Jun. 24, 2026 | 2:41 PM | 510-229-3804 |
| 47 | Jun. 25, 2026 | 1:15 PM | 626-653-4163 |
| 48 | Jun. 26, 2026 | 11:29 AM | 650-231-6254 |
| 49 | Jun. 29, 2026 | 2:52 PM | 909-323-7014 |
| 50 | Jun. 30, 2026 | 11:16 AM | 820-206-6188 |
| 51 | Jun. 30, 2026 | 2:55 PM | 209-804-7097 |
| 52 | Jul. 1, 2026 | 12:27 PM | 661-215-1572 |
| 53 | Jul. 1, 2026 | 11:41 AM | 562-442-3687 |
| 54 | Jul. 7, 2026 | 2:31 PM | 714-582-6753 |
| 55 | Jul. 13, 2026 | 12:55 PM | 209-266-6753 |

*Exhibit A — Representative call log: 55 documented calls from 54 distinct originating numbers, all traced to carrier Onvoy, LLC, between January 9, 2026 and July 13, 2026. All entries fall within a single twelve-month period.*

35. Upon information and belief, Defendant maintains or has access to outbound-transmission reports for all telemarketing calls it placed. These reports would show the dates, times, target telephone numbers, and disposition of each call placed to Plaintiff.

36. Upon information and belief, Defendant would also have all of the recordings for the calls placed to Plaintiff.

37. Defendant is a repeat offender with actual knowledge of its Do-Not-Call obligations. Defendant was previously named as the defendant in a TCPA Do-Not-Call class action, *Delgado v. eMortgage Funding, LLC*, No. 2:21-cv-11401 (E.D. Mich.), in which, on or around October 13, 2021, the court denied Defendant's motion to dismiss the company-specific do-not-call claim. Defendant is also the subject of a substantial and accelerating pattern of consumer complaints describing calls to numbers on the National Do-Not-Call Registry and continued calls after opt-out requests. Defendant's violations as to Plaintiff were knowing and willful.

38. Upon information and belief, Defendant failed to institute or maintain the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d), including a written do-not-call policy available upon demand, training of personnel engaged in telemarketing, and the recording and honoring of do-not-call requests; and Defendant failed to honor Plaintiff's stop requests across the multiple telephone numbers it used to call Plaintiff.

39. In addition to placing the calls described above, Defendant recorded its telephone calls with Plaintiff. The calls Defendant placed to, and recorded from, Plaintiff were transmitted to and from Plaintiff's cellular telephone.

40. Defendant did not disclose, at the outset of any call or at any other time, that the call was being recorded, and Plaintiff never consented to being recorded.

41. During at least one call, when asked, Defendant's representative admitted that Defendant records its telephone calls with consumers without disclosing the recording at the beginning of the call and without obtaining the called party's consent.

42. On information and belief, Defendant records its outbound telephone calls as a matter of routine policy and practice, and does not advise called parties at the outset that the call is being recorded or obtain their consent.

## STANDING

43. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Van Patten v. Vertical Fitness Grp.,* 847 F.3d at 1043 (applying *Spokeo* to litigation brought under the TCPA for purposes of establishing Article III standing).

**FIRST CAUSE OF ACTION**

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)**

**(On Behalf of Plaintiff)**

44. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

45. The foregoing acts and omissions of Defendant constitute negligent or willful violations of the TCPA, including 47 U.S.C. § 227(c), and the implementing regulation 47 C.F.R. § 64.1200(c)(2).

46. No entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry, absent an established business relationship or prior express written consent. 47 C.F.R. § 64.1200(c)(2).

47. Defendant is an entity subject to 47 C.F.R. § 64.1200(c) by way of 47 C.F.R. § 64.1200(e), which extends the protections of the rule to wireless telephone subscribers such as Plaintiff.

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers, such as Plaintiff, who registered his telephone number on the National Do-Not-Call Registry.

49. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50. As a result of Defendant's knowing or willful violations of the law, Plaintiff is entitled to an award of up to $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

**(On Behalf of Plaintiff)**

52. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

53. The foregoing acts and omissions of Defendant constitute negligent or willful violations of the TCPA, including 47 U.S.C. § 227(c), and the implementing regulation 47 C.F.R. § 64.1200(d).

54. 47 C.F.R. § 64.1200(d) prohibits any person or entity from initiating any call for telemarketing purposes to a residential or wireless telephone subscriber unless that person or entity has instituted procedures for maintaining a list of persons who request not to receive such communications, including a written do-not-call policy available upon demand, training of personnel engaged in telemarketing, and the recording and honoring of do-not-call requests. Effective April 11, 2025, the Commission amended 47 C.F.R. § 64.1200(d)(3) to require that a do-not-call request be honored within a reasonable time not to exceed ten (10) business days from receipt of the request.

55. Plaintiff requested that Defendant stop calling him, including by demanding to be placed on Defendant's internal do-not-call list, yet Defendant continued to place telemarketing calls to Plaintiff after those requests.

56. Defendant violated 47 C.F.R. § 64.1200(d) by continuing to place telemarketing calls to Plaintiff after he requested that the calls stop, and by failing to institute and maintain the internal do-not-call procedures the regulation requires. A manager of

Defendant promised to place Plaintiff on Defendant's do-not-call list, yet Defendant's calls continued from numerous different telephone numbers.

57. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. As a result of Defendant's knowing or willful violations of the law, Plaintiff is entitled to an award of up to $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future under 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION

## Violation of the California Invasion of Privacy Act (Cal. Penal Code §§ 632.7 and 632)

## (On Behalf of Plaintiff)

60. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

61. The telephone calls described above were transmitted to and from Plaintiff's cellular telephone.

62. Defendant knowingly and intentionally recorded its telephone communications with Plaintiff. Defendant did not disclose at the outset of the calls that they were being recorded, and Plaintiff did not consent to being recorded. Defendant's own representatives admitted, during a call, that Defendant records its telephone calls with consumers without disclosing the recording at the beginning of the call and without the consent of the called party.

63. At all relevant times, Defendant maintained a policy and practice of using a telephone system that records its outbound calls, and of failing to advise called parties at the beginning of the call that the call was being recorded or to obtain their consent, as Defendant's own representative admitted.

64. California Penal Code § 632.7 prohibits any person, without the consent of all parties to a communication, from intentionally recording a communication transmitted between a cellular or cordless telephone and another telephone. Unlike Penal Code § 632, section 632.7 contains no requirement that the communication be "confidential." *See Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021).

65. Section 632.7 applies to the parties to a communication as well as to nonparties; a party to a call violates the statute by intentionally recording a covered communication without the consent of all parties. *Smith*, 11 Cal. 5th at 183.

66. Defendant violated California Penal Code § 632.7 by intentionally recording its cellular telephone communications with Plaintiff without Plaintiff's consent.

67. In the alternative, Defendant violated California Penal Code § 632, which prohibits the intentional recording of a confidential communication without the consent of all parties. Plaintiff's communications with Defendant concerned his personal financial circumstances, including his mortgage and potential refinancing, as to which Plaintiff had an objectively reasonable expectation that the communications were not being overheard or recorded.

68. As a result of Defendant's violations, Plaintiff is entitled to recover, for each communication Defendant unlawfully recorded, the greater of $5,000 or three times the amount of actual damages sustained, for each such violation, pursuant to California Penal Code § 637.2(a), together with injunctive relief under California Penal Code § 637.2(b) restraining Defendant from continuing to record communications in violation of California law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

69. Plaintiff further prays for judgment as follows against Defendant:

a. An award of statutory damages for Plaintiff as applicable under the TCPA;

b. An award of statutory damages under California Penal Code § 637.2(a) of the greater of $5,000 per violation or three times Plaintiff's actual damages, for each communication Defendant unlawfully recorded;

c. An order declaring that Defendant's actions, as outlined above, violate the TCPA;

d. An award of attorney's fees, costs, and interest as allowed by applicable law; and,

e. Any other relief the Court may deem just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, call-detail records, or other itemization of telephone numbers associated with Defendant and the telephone calls as alleged herein.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Respectfully submitted,

Date: July 14, 2026

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Date: July 14, 2026

**SHAY LEGAL, APC**

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com

*Attorneys for Plaintiff*